UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARIO ANTHONY ALLEN, <br><br> Plaintiff, <br><br> v. <br><br> VALPARAISO UNIVERSITY LAW CLINIC, <br><br> Defendant. | CAUSE NO. 2:23-CV-180-TLS-JPK |

**OPINION AND ORDER**

Mario Anthony Allen, a prisoner without a lawyer, filed a Complaint and seeks leave to proceed in forma pauperis. ECF Nos. 1, 2. A prisoner may not bring a civil action in forma pauperis if he has, "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. Allen has three strikes:

    1. *Allen v. Indiana Attorney General*, 3:08-CV-98 (N.D. Ind. filed February 28, 2008) (dismissed pursuant to 28 U.S.C. § 1915A on March 10, 2008);

    2. *Allen v. Indiana State Attorney General*, 3:08-CV-124 (N.D. Ind. filed March 13, 2008), (dismissed pursuant to 28 U.S.C. § 1915A on April 24, 2008); and

    3. *Allen v. Knight,* 1:14-CV-1400 (S.D. Ind. filed August 25, 2014), (dismissed for failure to state a claim on October 23, 2014).

An inmate who has struck out "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v.*

*Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (quoting 28 U.S.C. § 1915(g)). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In his Complaint, the Plaintiff alleges the Defendant violated his rights by filing a notice of appeal in his post-conviction relief proceeding in the LaPorte Superior Court on July 13, 2011. Nothing about filing a notice of appeal more than a decade ago places the Plaintiff in imminent danger of serious physical injury today. The Plaintiff may not proceed in forma pauperis.

For these reasons, the Court:

(1) DENIES the in forma pauperis motion [ECF No. 2];

(2) GRANTS the Plaintiff until **June 26, 2023**, to pay the $402 filing fee; and

(3) CAUTIONS the Plaintiff if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on June 5, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

2